**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
DISTRICT COUNCIL 1707, AMERICAN  :
FEDERATION OF STATE, COUNTY AND  :
MUNICIPAL EMPLOYEES, AFL-CIO, and  :
LOCAL 205, DISTRICT COUNCIL 1707,  :
AMERICAN FEDERATION OF STATE,   :
COUNTY AND MUNICIPAL EMPLOYEES, :
AFL-CIO            :    **DECISION & ORDER**
        Plaintiffs  :
              :    **05 Civ. 3642 (RMB)**
    and         :
              :
HOPE DAY NURSERY, INC.     :
              :
        Defendant.  :
-----------------------------------------------------------------x

**I.  Introduction**

On or about April 8, 2005, District Council 1707, American Federation of State, County,

and Municipal Employees, AFL-CIO, and Local 205, District Council 1707, American Federation

of State, County, and Municipal Employees, AFL-CIO (collectively, "Plaintiffs"), filed a complaint

("Complaint") pursuant to 29 U.S.C. § 185 and 9 U.S.C. § 9, which Plaintiffs amended on or about

July 20, 2005 ("Amended Complaint"), seeking "to confirm two arbitration awards issued to

remedy breaches by defendant [Hope Day Nursery, Inc. ("Defendant")] of a collective bargaining

agreement." (Amended Complaint ¶ 1.) The arbitration awards (i) reinstated a discharged

employee with back pay, (see In the Matter of the Arbitration Between Hope Day Nursery, Inc &

Local 205, D.C. 1707, AFSCME, dated January 20, 2005 ("January 20, 2005 Arbitration Award"),

Exhibit 3 to the Amended Complaint, at 4), and (ii) instructed Defendant to "cease and desist from

hiring and/or assigning substitute teachers to work extra hours" before first offering extra hours to

permanent employees. (In the Matter of the Arbitration Between Local 205, D.C. 1707, AFSCME,

AFL-CIO & Hope Day Nursery, Inc, dated May 31, 2005 ("May 31, 2005 Arbitration Award")

Exhibit 4 to the Amended Complaint, at 7.) On or about August 11, 2005, Plaintiffs filed a motion

to confirm the arbitration awards ("Motion to Confirm") arguing that "[Defendant] failed to show up for the hearings after due notice and the arbitrators proceeded to hear the cases <u>ex</u> <u>parte</u>, pursuant to the rules of the American Arbitration Association [("AAA")]."  On or about August 31, 2005, Defendant opposed the Motion to Confirm and submitted a Cross Motion to vacate the awards ("Cross Motion").  On or about September 19, 2005, Plaintiffs replied to the Cross Motion ("Plaintiffs' Reply").

**For the reasons set forth below, the Motion to Confirm the arbitration awards is granted, and the Cross Motion to vacate the arbitration awards is denied.**

## II.    Background

Plaintiffs are "labor organizations as defined by § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5)."  (Amended Complaint ¶ 3.)  Defendant is "a not for profit corporation organized and existing under the laws of the state of New York," and "provide[s] day care for low income parents who are unable to provide private day care for their children."  (Affirmation of Lendsey H. Jones, dated August 31, 2005 ("Jones Affirmation"), ¶¶ 2-3.)  Defendant is a party to "Collective Bargaining Agreements with its employees," (Jones Affirmation ¶ 5; <u>see</u> Agreement between Local 205, Community and Social Agency Employees Union District Council 1707, A.F.S.C.M.E., A.F.L.-C.I.O. and Day Care Council of New York, Inc., February 1, 1996 – December 31, 2000 ("CBA"), Exhibit 1 to Amended Complaint), and "is an employer as defined by § 2(2), 29 U.S.C. § 152(2)."  (Amended Complaint ¶ 3.)  Pursuant to the CBA, an aggrieved employee may submit a grievance "to arbitration to the American Arbitration Association in the City of New York under its . . . Labor Arbitration Rules . . . . The award of the arbitrator shall be final and binding, except for proceedings to enforce or vacate the award as permitted by law." (CBA Art. XV § 2, Step 5.)

On November 16, 2004, an AAA arbitration was convened pursuant to the CBA relating to Defendant's discharge of an employee, (see January 20, 2005 Arbitration Award at 2), following "his plea of guilt to drug use." (Jones Affidavit ¶ 6.)[1] "Plaintiffs appeared [at the arbitration] but Defendant failed to appear, and the arbitration was rescheduled for January 20, 2005. (See id.) "The defendant [also] failed to appear at the arbitration hearing [on January 20, 2005] . . . ." (Jones Affirmation ¶ 7; see January 20, 2005 Arbitration Award at 2.) "When the [Defendant] failed to appear to present any witnesses or documentary evidence that could be cross-examined . . . it left the Arbitrator with no substantive evidence in support of the [Defendant's] position." (January 20, 2005 Arbitration Award at 3; Jones Affirmation ¶ 7). The January 20, 2005 Arbitration Award reinstated the employee "with full back pay and all benefits lost as a result of his termination." (January 20, 2005 Arbitration Award at 4.)

On March 29, 2005, another AAA arbitration was convened pursuant to the CBA to arbitrate "the [Plaintiffs'] class action grievance regarding [Defendant's] alleged failure to abide by . . . the [CBA]" by utilizing substitute teachers instead of first offering extra shifts to teacher's aides. (May 31, 2005 Arbitration Award at 2.) Plaintiffs appeared at the arbitration on March 29, 2005 but Defendant failed to appear; the arbitration was rescheduled for April 29, 2005. (See id.) On April 29, 2005, "[t]he [Defendant] neither appeared . . . nor sought a postponement." (May 31, 2005 Arbitration Award at 2.) "The Arbitrator [was] persuaded that a contract violation occurred" and found for Plaintiffs. (Id. at 6.) The March 29, 2005 Arbitration Award instructed Defendant to "cease and desist from hiring and/or assigning substitute teachers to work extra hours instead of offering these extra hours as overtime opportunities to qualified, permanent, part-time employees . . . ." (May 31, 2005 Arbitration Award at 7.)

---

[1]	On or about February 20, 2004, the employee plead guilty to Disorderly Conduct, a violation of N.Y. Penal Law § 240.20, in the Criminal Court of the City of New York. (See

**III.    Standard of Review**

The scope of review of an arbitration award is generally "very narrowly limited," <u>Americas Ins. Co. v. Seagull Compania Naviera, S.A.</u>, 774 F.2d 64, 67 (2d Cir. 1985), so as "to avoid undermining the twin goals of arbitration, namely settling disputes efficiently and avoiding long and expensive litigation." <u>Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.</u> 103 F.3d 9, 12 (2d Cir. 1997) (quoting <u>Folkways Music Publishers v. Weiss</u>, 989 F.2d 108, 111 (2d Cir. 1993)); <u>see also</u> <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983) ("questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.").

Where a motion to vacate has been timely filed, "an arbitration award may be vacated if it exhibits a manifest disregard of the law." <u>Wallace v. Buttar</u>, 378 F.3d 182, 189 (2d Cir. 2004). Manifest disregard "is more than a simple error in law or a failure by the arbitrators to understand or apply it; and, it is more than an erroneous interpretation of the law." <u>Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383, 389 (2d Cir. 2003). "The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator." <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker</u>, 808 F.2d 930, 933 (2d Cir. 1986). "A party seeking vacatur bears the burden of proving that the arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." <u>Duferco</u>, 333 F.3d at 389. So long as the arbitrators "offer even a barely colorable justification for the outcome reached, confirmation of the award cannot be prevented by litigants who merely argue, however persuasively, for a different result." <u>Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.</u>, 579 F.2d 691, 704 (2d Cir. 1978).

**IV.    Analysis**

---

Certificate of Disposition of Donald Wammack, 2005, Exhibit C to Cross Motion.)

**(a)    January 20, 2005 Arbitration Award**

Plaintiffs argue that "the Court should grant [Plaintiffs'] motion to confirm the [January 20, 2005] Arbitration Award because [Defendant] waived its defenses by failing to timely move to vacate the award."  (Motion to Confirm at 2.)  Plaintiffs further argue that even if "[Defendant's] motion [to vacate] and affirmative defenses were not time-barred, [they] must fail because 'the award violates no specific provision of any law or regulations that [Defendant] can identify."  (Plaintiffs' Reply at 3 (citing Eastern Assoc. Coal Corp. v. United Mine Workers of Am., District 17, 531 U.S. 57, 66 (2000)).)  Defendant counters that "a motion to vacate an award must be filed within three (3) months after the award is filed or delivered.  The plaintiff filed its complaint on April 8, 2005 . . . . The defendant filed its motion to vacate the award on May 24, 2005, well within the three (3) months time limit."  (Cross Motion at 4 (citing 9 U.S.C. § 12).)  Defendant also argues that "the [discharged employee's] drug conviction bars him from re-instatement to his former job," that "the Arbitrators . . . refused to weigh[ ] the evidence and apply the law," and that "the arbitrator clearly disregard[ed] the well established drug law of the State of New York, and paid no attention to the governing law of New York."  (Cross Motion at 7-8.)

Defendant's Cross-Motion is untimely by one month and fourteen days.  "An application to vacate or modify an arbitration award may be made by a party *within ninety days after its delivery to him*."  Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998) (emphasis in case); see also 9 U.S.C. § 12 ("Notice of a motion to vacate, modify or correct an award must be served . . . within three months after the award is filed or delivered").  "A party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm."  Florasynth, Inc. v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984).

"Parties shall accept as legal delivery of the award the placing of the award or a true

copy thereof in the mail by the AAA, addressed to the party at its last known address or to

its representative; personal service of the award; or the filing of the award in any other manner that

is permitted by law."  (Rule 40 of the Labor Arbitration Rules of the AAA, Exhibit B to Plaintiffs'

Reply.)  The January 20, 2005 Arbitration Award was delivered to Defendant by the AAA via mail

on or about January 26, 2005.  (See Letter from Veneda Edenfield, Case Manager, to Matthew

Bailey, Acting Director, Hope Day Nursery, dated January 26, 2005, Exhibit A to Plaintiffs' Reply

("By direction of the Arbitrator, we herewith transmit to you the duly executed Award and Opinion

in this matter.").)  Thus, Defendant was required to file its motion to vacate the January 20, 2005

Arbitration Award by April 26, 2005, three months after the delivery of the award.  Defendant first

replied to the Complaint on or about May 23, 2005 (3 months and 27 days after the delivery of the

January 20, 2005 Arbitration Award), and did not move to vacate or modify the award or until June

9, 2005, (4 months and 14 days after the delivery of the January 20, 2005 Arbitration Award).  See

Smith v. Positive Prod., No. 05 Civ. 3748, 2005 WL 2385859, at *6 (S.D.N.Y. Sept. 28, 2005)

(applying AAA rules to determine that defendant failed to timely move to vacate or modify the

award).

Even assuming, arguendo, that Defendant's Cross Motion were not time-barred, Defendant

could not demonstrate that the January 20, 2005 Arbitration Award should be vacated.  See W.K.

Webster & Co. v. Am President Lines, Ltd., 32 F.3d 665, 669 (2d Cir. 1994) (finding that the court

"must not disturb an award simply because of an arguable difference of opinion regarding the

meaning or applicability of the laws.").  The January 20, 2005 Arbitration Award found that

"[w]hen the Employer failed to present any witnesses or documentary evidence that could be cross-

examined or voir dired, it left this Arbitrator with no substantive evidence in support of Employer's

position."  (January 20, 2005 Arbitration Award at 4); see Pebenito v. Werner Enter, 217 F. Supp.

2d 350, 355-56 (E.D.N.Y. 2002) (affirming arbitration award where one party "failed to meaningfully participate in arbitration . . . [and] failed to produce medical or employment records to the arbitrator"). Plaintiffs have also failed to demonstrate to this Court that public policy requires that the January 20, 2005 Arbitration Award not be affirmed. See Eastern Assoc. Coal Corp., 531 U.S. at 67 (refusing to find a public policy reason to invalidate an arbitration award reinstating an employee who twice tested positive for drug use and stating that "the question to be answered is not whether [discharged employee's] drug use itself violates public policy, but whether the agreement to reinstate him does so" and "conclud[ing] that the lower courts correctly rejected [the employer's] public policy claim.") The findings presented in the January 20, 2005 Arbitration Award clearly offer a "colorable justification for the outcome reached" and "confirmation of the award cannot be prevented by litigants who merely argue . . . for a different result." Andros Compania, 579 F.2d at 704.

### (b)    May 31, 2005 Arbitration Award

Plaintiffs argue that the May 31, 2005 Arbitration Award "must be confirmed because there is no basis, and [Defendant] has pleaded no basis, for the Court to refuse to confirm the award." (Motion to Confirm at 4.) Plaintiffs state that Defendant "willfully refused to appear and present evidence . . . . It now seeks to present evidence to the Court that it should have presented during arbitration." (Plaintiffs' Reply at 4.) Defendant responds that "in order to be promoted to a vacancy, an employee must be qualified," and that the "the school aides have no claim against the defendant as they were not qualified to fill the vacancies, and accordingly, are not entitled to receive teachers' salary." (Cross Motion at 9-10.)

The May 31, 2005 Arbitration Award states that "the evidence presented in this ex parte hearing, . . . persuaded [the Arbitrator] that the [Defendant] violated . . . the parties' collective bargaining agreement when it utilized substitute teachers." (Id. at 5-6.) The award also states that

"[i]n the absence of the [Defendant's] position and given the seniority preferences the parties have accorded to part-time employees for extra work, . . . the Arbitrator is persuaded that a contract violation occurred." (Id. at 6); see Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 45 (2d Cir. 1985) ("It is well-recognized that it is not within the province of the federal courts to review the merits of an arbitration award").

Defendant argues here that "an unqualified employee is not automatically entitled to fill the vacancy of a qualified employee" but does not dispute that it failed to submit its arguments on the merits to the AAA or appear for the arbitration. (Cross Motion at i.) Nor does Defendant establish fundamental unfairness in the arbitration. "[E]xcept where fundamental fairness is violated, arbitration determinations will not be opened up to review." Marsillo v. Geniton, No. 03 Civ. 2117, 2004 WL 1207925, at *6 (S.D.N.Y. June 1, 2004). "Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, *it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept.*" Hygrade Operators, Inc. v. Local 333, United Marine Div. ILA, AFL-CIO, 945 F.2d 18, 22 (2d Cir. 1991) (emphasis in original). "The arbitrator's factual findings and contractual interpretation are not subject to judicial challenge." Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 200, 214 (2d Cir. 2002).

## V. Conclusion & Order

For the reasons set forth above, the Motion to Confirm [16] is granted, and the Cross Motion

[20] is denied. The Clerk is respectfully requested to close this case.

Dated: New York, New York
January 3, 2006



**RICHARD M. BERMAN, U.S.D.J.**